UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO L. BROWN,

        Petitioner,

v.                                  CASE NO. 05-CV-74095-DT
                                      HONORABLE AVERN COHN

RAYMOND D. BOOKER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Mario L. Brown ("Petitioner"), a state prisoner currently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming that he is incarcerated in violation of his constitutional rights. Before the Court is Respondent's motion for summary judgment on the grounds that the petition is untimely. For the reasons that follow, the motion will be granted.

### II. Facts and Procedural History

In 1992, Petitioner was convicted of second-degree murder following a jury trial in the Recorder's Court for the City of Detroit and pleaded guilty to being a second habitual offender. He was sentenced to 30 to 50 years imprisonment. Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising claims concerning the admission of the victim's dying declaration and the proportionality of his sentence. The

Michigan Court of Appeals affirmed his convictions and sentence. *People v. Brown*, No. 160182 (Mich. Ct. App. Aug. 10, 1994). Petitioner then filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Brown*, 448 Mich. 879, 530 N.W.2d 752 (Mich. Feb. 28, 1995).

On July 15, 2002, Petitioner filed a motion for relief from judgment with the trial court, asserting claims concerning the sufficiency of the evidence, the non-disclosure of impeachment evidence, the admission of a hearsay statement, the admission of other acts evidence, the effectiveness of trial counsel, and the proportionality of his sentence. The trial court denied the motion on March 13, 2003. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Brown*, No. 254220 (Mich. Ct. App. Aug. 20, 2004). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Brown*, 472 Mich. 911, 696 N.W.2d 713 (May 31, 2005).

Petitioner dated the present petition for writ of habeas corpus on October 15, 2005. In his pleadings, Petitioner essentially raises the same claims presented to the state courts in his motion for relief from judgment. Respondent filed the instant motion to dismiss on May 8, 2006 asserting that the petition fails to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has not filed a response to the motion.

### III.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28

U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003). Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until July 15, 2002.  Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.  See *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations.  Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.  See *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner has neither alleged nor established that the state created an impediment to the filing of his habeas petition, or that his claims are based upon newly-discovered facts or newly-recognized constitutional rights which have been given retroactive effect.[1]  His habeas action is thus barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling.  In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the

---

[1] Petitioner does cite *Crawford v. Washington*, 541 U.S. 36 (2004), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005) in his pleadings, but none of those decisions, even if applicable to his present claims, have been made retroactive to cases on collateral review.  See *Dorchy v. Jones*, 398 F.3d 783, 788 (6th Cir. 2005) (*Crawford* does not apply retroactively); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (*Booker* does not apply retroactively in collateral proceedings); *Spiridigliozzi v. United States,* 117 Fed. Appx. 385, 394 (6th Cir. Nov. 15, 2004) (*Blakely* and related decisions do not apply retroactively on collateral review); *see also Schriro v. Summerlin*, _ U.S. _, 124 S. Ct. 2519, 2526 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner sets forth no circumstances which caused him to institute his state court collateral proceedings well after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter,* to

5

support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.  Petitioner has made no such showing of actual innocence.  He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

## IV.  Conclusion

For the reasons stated above, Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d).  Accordingly, Respondent's motion for summary judgment is GRANTED.  The petition is DISMISSED.

SO ORDERED.


Dated:  June 26, 2006               s/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 26, 2006, by electronic and/or ordinary mail.
                                    s/Julie Owens
                                    Case Manager, (313) 234-5160